IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRENT CHRISTOPHER JONES, | ) | Civ. No. 09-00244 SOM-LEK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING AMENDED MOTION |
| | ) | TO DISMISS COMPLAINT FILED |
| vs. | ) | JUNE 2, 2009 |
| | ) | |
| WAIAWA CORRECTIONAL | ) | |
| FACILITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING AMENDED MOTION TO DISMISS FILED JUNE 2, 2009**

Before the court is the Amended Motion to Dismiss Complaint Filed June 2, 2009 ("Motion") (Doc. 36), filed by Defendants Scott Harrington, Anton Fountain, and David Sayurin[1] (collectively, "Defendants"). Defendants move for dismissal of this action as unexhausted pursuant to 42 U.S.C. § 1997e(a) and as time-barred by the statute of limitation. Plaintiff Brent Christopher Jones, proceeding *pro se*, filed no written Opposition to the Motion, although he appeared at the July 12, 2010, hearing and orally opposed. The Motion is GRANTED and Jones's Complaint is hereby DISMISSED with prejudice.

---

[1] Jones incorrectly refers to Sayurin as "Cyrine."

## I. BACKGROUND[2]

Jones is diabetic. He alleges that, while he was incarcerated at the Waiawa Correctional Facility ("WCF") in August 2006, he was denied his authorized diabetic snack, causing him to have a "diabetic attack." (Doc. 1, Compl., Count II at 6.) Jones claims that Harrington ordered Sayurin and Fountain to restrain him in handcuffs and shackles during the attack for no reason, and that Sayurin and Fountain used excessive force in restraining him. Jones also claims that he was thereafter placed in isolation and faced charges, again for no reason.

Defendants explain that, on August 19, 2006, Jones experienced a hypoglycemic episode, during which he fell and became confused and incoherent. (Rosen Decl. ¶¶ d-f.) Defendants dispute Jones's version of events and state that Jones became aggressive, refused to cooperate with his transfer to the Halawa Correctional Facility ("HCF") for treatment, demanded that another inmate be sent with him, and resisted corrections officers' efforts to handcuff him. (Doc. 36-5, Apr. 12, 2010 Inter-Office Memo.) After Jones was restrained, he was sent to HCF for treatment. (Rosen Decl. ¶ g-I.) Defendants further assert that, Jones's allegations notwithstanding, on August 19,

---

[2] These facts are taken from the Complaint, from uncontested documents and declarations attached to Defendants' Motion, and from Jones's uncontested statements and admissions at the hearing on July 12, 2010.

2006, Defendant Fountain was home on sick leave, not at WCF. (Hoffman Decl. ¶ c.)  Jones does not dispute this.

Jones filed this action on June 2, 2009, while incarcerated at HCF, seeking injunctive and monetary relief.  On June 17, 2009, Jones notified the court that he had been released from the HCF.  (Doc. 7.)  On July 8, 2009, the court screened the complaint and dismissed Jones's claims against WCF and the Hawaii Department of Public Safety ("DPS") and his claim against all Defendants for injunctive relief.  (Doc. 8 at 2 & n.2.)  The court then directed service to be effected on Harrington, Fountain, and Sayurin.  After numerous delays, personal service was finally effected in March 2010.

Defendants filed their original motion to dismiss on on May 12, 2010.  (Doc. 33).  After learning that Jones was no longer incarcerated, Defendants filed the amended Motion on May 13, 2010.  (Doc. 36.)  Because matters outside of the pleadings would be considered, and to allow Jones an opportunity to rebut Defendants' statute of limitation argument, the court notified Jones that the Motion would be converted to a partial motion for summary judgment and instructed him on his burden to defend. (Doc. 41.)  The court informed Jones that his opposition was due

on or before June 21, 2010.  As noted, Jones did not file a written opposition to the motion.[3]

## II. **FAILURE TO EXHAUST**

### A. **Legal Standard**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  All available remedies must be exhausted;

---

[3] Jones handed a document to the court reporter before the hearing, detailing an incident that allegedly occurred in 2001 or 2002, when another inmate, Gomes, became ill at WCF. Jones apparently remained with this inmate throughout the night, until medical personnel came on duty at 6:00 a.m. Gomes was then taken to the hospital, where he died. Jones appears to be submitting this unsigned, unverified document as proof that WCF medical personnel acted with deliberate indifference to Jones five years later.  Insofar as he does so, this document is not responsive to Defendants' arguments in the Motion: that Jones's claims are unexhausted and time-barred.

If, however, Jones intends the court to take some action on these new allegations, he is notified that presenting this document to the court reporter in an unrelated action is insufficient. It is Gomes's estate or family that may pursue legal action on these allegations, if desired and if timely. Jones may also alert the city prosecutor about this incident. Jones may not, however, as a *pro se* litigant, represent or initiate an action on behalf of Gomes's estate.

those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Id.* (citation omitted).

Section 1997e's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).  Therefore, the PLRA exhaustion requirement requires proper exhaustion.  *Id.* at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. (footnote omitted).  Compliance with prison grievance procedures is all that is required to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Nonexhaustion under § 1997e(a) is an affirmative defense that a defendant may raise in a nonenumerated Rule 12(b) motion.  *Id.* at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune*, 315 F.3d 1108, 1117-19 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20.  If the court concludes that the prisoner has not exhausted the

prison's administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

B.   **Jones Failed to Exhaust His Claims Before Bringing Suit.**

Jones concedes that the incidents underlying this action occurred on August 19, 2006. (*See also* Doc. 36-6, Sayurin Decl. ¶¶ 5-13, Rosen Decl. ¶ 7.) Although Jones is no longer incarcerated, it is undisputed that (1) he was incarcerated at WCF on August 19, 2006; (2) he was incarcerated at HCF in January 2007; (3) he was incarcerated at HCF when he filed this action on June 2, 2009; and (4) he has been released from HCF for some period.[4]

Having reviewed Jones's prison institutional records, including his medical records and grievances, Defendants state that Jones did not pursue an administrative grievance regarding this incident. (*See* Doc. 36-6, Hoffman Amd. Decl. ¶ 5; 36-3 Rosen Decl.) Jones asserts that he grieved this incident, but concedes that he did not do so in 2006. At the hearing, Jones stated numerous times that he submitted grievances on this incident in **2008** and **2009**. Defendants noted that DPS regulations require that a grievance be filed within fourteen days of the incident that is the subject of the grievance. *See* DPS Policies

---

[4] Although not material to this determination, Jones was released from HCF on or about July 16, 2009, reincarcerated on June 26, 2009, and released again on September 1, 2009. (Doc. 36-6, Hoffman Decl. ¶ 5(d).)

6

and Procedures Manual (1992) § 493.12.03(4.0).  After the court carefully explained to Jones the consequences of his failing to file a grievance during the appropriate time frame, Jones stated that he *may* have filed grievances in 2007, 2008, and 2009.  Even then, Jones could not recall exactly when he filed these grievances, but simply claimed that he began to research how to file a grievance and a lawsuit when he arrived at HCF in January 2007.  Jones provides no copies of his alleged grievances, nor does he remember the exact dates they were submitted, or the prison's responses.

   Jones argues that Sayurin prevented him from grieving the incident while Jones was at WCF.  Jones said that Sayurin warned him that, if there were further incidents similar to that on August 19, 2006, Jones would face discipline.  DPS has a policy providing that inmates may file privileged grievances, with differing time limits and procedures, if a matter is "of a sensitive nature, and there exists a reasonable belief that punitive measures will be taken at the hands of facility staff or other inmate, or would otherwise be adversely affected if it is known at the facility that the complaint/grievance is being filed."  DPS Policy and Procedure Manual § 493.12.03.10.  Jones's allegations do not clearly indicate that he feared retaliation for filing a grievance.  Even accepting that Jones was prevented from filing a grievance while at WCF, Jones does not explain why

he failed to file any grievance immediately after his transfer to HCF.  Jones states only that, after his transfer to HCF, he began researching how to file a grievance and a lawsuit.

The plain language of § 1997e(a) requires that administrative exhaustion must be satisfied before a prisoner may bring suit in federal court.  *See* 42 U.S.C. § 1997e(a).  To satisfy the statute, timely and proper exhaustion is required.  *Ngo*, 548 U.S. at 83 (§ 1997e's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal.").  Jones does not claim that he filed a grievance within fourteen days of being moved to HCF, where he was no longer under Sayurin's alleged threat.  The record therefore does not even suggest that he timely or "properly" exhausted his administrative remedies.  *See Ngo*, 548 U.S. at 90-91.

Moreover, even though Jones is not now in prison, his failure to exhaust is not excused.  He was incarcerated when he filed this action.  The Ninth Circuit Court of Appeals has recently held that "individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)."  *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009) (further holding that inmates who file suit *after* release are not required to exhaust administrative remedies before filing the action); *see,*

*e.g., Norton v. City of Marietta*, 432 F.3d 1145, 1149-51(10th Cir. 2005) (per curiam); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005); *Ahmed v. Dragovich*, 297 F.3d 201, 210(3d Cir. 2002); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (per curiam); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Jones was clearly a prisoner as defined by § 1997e(h) on June 2, 2009, when he brought this suit.

An action must be dismissed unless the prisoner has exhausted all available administrative remedies before filing suit. *Wyatt*, 315 F.3d at 1120. There is no evidence that Jones timely exhausted his claims while he was in prison and before he filed this action. As there is an additional absence of evidence that exhaustion would have been futile or that Jones was continuously prevented from exhausting, his Complaint must be dismissed for failure to exhaust.

### III. <u>STATUTE OF LIMITATION</u>

**A.** **<u>Legal Standard</u>**

This court turns now to an alternate basis for dismissal. A motion to dismiss may be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitation. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir.

1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." (quotations and citations omitted)).  A district court may grant a motion to dismiss on statute of limitation grounds only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  Stated in more general terms, dismissal is proper only if it is clear "on the face of the pleadings that no material issue of fact remains to be resolved"; if the district court must go beyond the pleadings to resolve an issue, "[j]udgment on the pleadings is improper[.]"  *Hal Roach Studios, Inc.*, 896 F.2d at 1550 (internal citation omitted).

Thus, consideration of evidence outside of the complaint converts a motion to dismiss into a motion for summary judgment, which requires specific notice to the nonmoving party, particularly in the case of pro se prisoner.  *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988); Fed. R. Civ. P. 12(d).  The court notified Jones of its intent to convert the motion to dismiss to a motion for summary judgment and of his burden in opposing a motion for summary judgment.  (*See* Doc. 41).

The court must grant summary judgment if the papers show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  A "genuine issue" exists if there is a sufficient evidentiary basis on which a reasonable jury could find for the nonmoving party.  *See Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249 (1986); *California v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003).  A factual dispute is "material" if it might affect the outcome of the suit under governing law.  *Anderson*, 477 U.S. at 248.  The court must believe the nonmoving party's evidence and must view inferences it draws from the underlying facts in the light most favorable to the nonmoving party.  *See id.* at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and

allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 324; *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586 (footnote omitted).

**B.    Jones's Claims are Time-barred.**

Jones commenced this action on June 2, 2009, almost three years after the incident at issue accrued.  Defendants argue that Jones's claims are therefore barred by the applicable two-year statute of limitations.  This court agrees.

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  *Accord Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007).  Federal law determines when a civil rights claim accrues and the statute of limitation begins running.  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004).  A civil rights claim accrues when the plaintiff knows or should know of the injury that forms the basis of the

cause of action.  *Id.* (quoting *TwoRivers*, 174 F.3d at 991); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)).  In Hawaii, the applicable statute of limitation is section 657-7 of Hawaii Revised Statutes.  *See Pele Defense Fund v. William Paty*, 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (1992).  Under Haw. Rev. Stat § 657-7, "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

Under Haw. Rev. Stat § 657-13, "[i]f any person entitled to bring any action specified in this part . . . is, at the time the cause of action accrued . . . [i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life; such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists."

Section 657-13's provision tolling the statute of limitation for those who, like Jones, were incarcerated for a term less than life when the claim accrued does not apply to suits against the sheriff or police or employees of the DPS.  *See* Haw. Rev. Stat § 657-13.  *See also Samonte v. Sandin*, Civ. No. 05-00353, 2007 WL 461311, at *4 (D. Haw., Feb. 07, 2007) (noting that "[t]he statute creating the department of public safety

13

specifically states that the 'functions, authority, and obligations, . . . and the privileges and immunities conferred thereby, exercised by a "sheriff" . . . shall be exercised to the same extent by the department of public safety'").

It is undisputed that Jones's claims accrued on or about August 19, 2006. Jones was or should have been aware of Defendants' alleged failure to provide him with his diabetic snack and the alleged injuries relating to this failure on or about this date. Jones's claims therefore accrued no later than August 2006. Jones provides no explanation as to why he failed to institute any action regarding his claims for more than three years after they accrued, other than to say that he was in prison. Jones is suing Defendants who are DPS employees. (Compl. ¶¶ 4-18.) As he was not serving a life term, he was required to file this action within two years of August 19, 2006.

Nor were Jones's claims equitably tolled by any timely grievance. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (agreeing "with the uniform holdings of the circuits . . . that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"). Jones simply did not exhaust his claims through the prison grievance process and asserts no other basis for equitable tolling of the statute. The court discerns none. Defendants are therefore

entitled to summary judgment on the ground that Jones's claims are time-barred.

### IV.  CONCLUSION

Jones does not show that he timely exhausted his claims before he commenced this action.  He also failed to commence this action within two years of the date his claims accrued.  Because Jones's claims are not subject to tolling, Defendants' Motion to Dismiss and Motion for Summary Judgment are GRANTED.  The Clerk is DIRECTED to enter judgment in favor of Defendants and to terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 14, 2010.



　　　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　　Chief United States District Judge

Jones v. Waiawa Correctional Facility, et al., Civ. No. 09-00244 SOM-LEK; Order Granting Amended Motion to Dismiss Complaint Filed June 2, 2009; psas/ORDS/dmp/2010 /Jones 09-244 SOM (m. dsm sol)